**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**PAUL JESSIE WEBB, JR.**                                                                 **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 3:18-cv-00155-GHD-JMV**

**NEWK'S BAKERY COMPANY, LLC**                                  **DEFENDANT**

**DEFENDANT'S MEMORANDUM OF AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Newk's Bakery Company, LLC ("Newk's Bakery" or "Defendant"), files this Memorandum in Support of Its Motion to Dismiss.

**INTRODUCTION**

The Court should dismiss this lawsuit for two reasons. First and foremost, Mr. Webb's Title VII lawsuit is untimely because he filed it over 90 days after receiving his Right to Sue ("RTS") letter from the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued the RTS letter in August of 2017, so Mr. Webb's 90-day deadline expired in November of 2017; however, he did not file this lawsuit until February of 2018. Therefore, Mr. Webb's claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

In the alternative, Mr. Webb's Complaint should be dismissed because Mr. Webb did not properly or sufficiently serve Newk's Bakery within 90 days after he filed the Complaint. Under Federal Rule of Civil Procedure 4(m), Mr. Webb had until May of 2018 to serve Newk's Bakery with process, but he failed to do so. Therefore, the Court should dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(5).

**STATEMENT OF UNDISPUTED FACTS**

The following facts come from Mr. Webb's Complaint (attached to Defendant's Motion as Exhibit "A"), and are considered true solely for the purpose of this Motion.

Mr. Webb's employment with Newk's Bakery began in March of 2012. (Compl., p. 11). According to Mr. Webb, his store manager cursed, threatened, and treated him differently than a white, female employee. (*Id.*) On October 8, 2014, Newk's Bakery terminated Mr. Webb's employment for failing to inform his supervisor that he would not be at work that day. (*Id.*).

Mr. Webb filed a Charge of Discrimination with the EEOC on April 3, 2015, alleging race and gender discrimination. (*Id.*). Following its investigation, the EEOC dismissed Mr. Webb's Charge of Discrimination with a "no cause" finding, and issued the RTS Letter on August 22, 2017. (*Id.* at 9). Mr. Webb filed this lawsuit on February 16, 2018. (Doc. 1).

## ARGUMENT AND AUTHORITIES

### I. Mr. Webb's lawsuit should be dismissed under Federal Rule of Civil Procedure 12(b)(6) as untimely.

Title VII required Mr. Webb to bring his action in federal court within 90 days of receiving the RTS letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Filing an EEOC charge is not a "jurisdictional prerequisite," but rather a "precondition to filing suit in district court." *Taylor*, 296 F.3d at 379 (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)). The 90-day limitations period is strictly construed, and acts as a statute of limitations. *Id.*; *Taylor v. Seton-Brackenridge Hosp.*, 349 F. App'x 874, 876 (5th Cir. 2009) (citing *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985)). The law presumes that the plaintiff received the RTS letter within three days of mailing. *Lee v. Columbia/HCA of New Orleans, Inc.*, 611 F. App'x 810, 812 (5th Cir. 2015)(citing *Jenkins v. City of San Antonio,* 784 F.3d 263, 267 (5th Cir.2015).

The EEOC issued the RTS letter on August 22, 2017. (Compl., p. 6). The Complaint does not state when Mr. Webb received the RTS letter, but he checked the box on his Complaint affirming receipt of the RTS letter. (Compl., p. 4). As such, Mr. Webb had until November 23,

2017 to file this lawsuit – but he failed to do so. Rather, he waited another three months to file this case, making it untimely.

The lawsuit should be dismissed with prejudice under F.R.C.P. 12(b)(6) because Mr. Webb failed to meet the timing requirement of Title VII. *See id.*; *see e.g.*, *Menson v. City of Baton Rouge*, 539 F. App'x 433, 434 (5th Cir. 2013); *Bradshaw v. City of Gulfport*, 427 F. App'x 386, 388 (5th Cir. 2011); *Stokes v. Dolgencorp*, 367 F. App'x 545, 549 (5th Cir. 2010); *Brown v. Bank of Am.*, 331 F. App'x 284, 285 (5th Cir. 2009).[1]

II. **Mr. Webb's lawsuit should be dismissed under Federal Rule of Civil Procedure 12(b)(5) because he failed to serve Newk's Bakery in a timely manner.**

Even if Mr. Webb had filed this lawsuit within 90 days of receiving the RTS letter, he failed to serve Newk's Bakery with process within 90 days of filing his case. In fact, Mr. Webb has never properly served Newk's Bakery's registered agent for service.[2]

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Fox v. Mississippi*, No. 3:11-CV-377-CWR-MTP, 2012 WL 3154971, at *5 (S.D. Miss. Aug. 2, 2012), *aff'd*, 551 F. App'x 772 (5th Cir. 2014) (quoting *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). "Accordingly, Rule 12 permits a court to dismiss an action for 'insufficient service of process.'" *Id.* (citing Fed. R. Civ. P. 12(b)(5)). Plaintiff has the burden of proving the validity of service of process. *Kennedy v. BAE Sys. Info. Tech., Inc.*, 2010 WL 706496, at *2 (S. D. Miss. Feb. 23,

---

[1] Based on the July 3, 2018 letter that Mr. Webb attached to his Complaint, purportedly from the EEOC, Mr. Webb will likely argue that he did not receive his RTS letter. (Compl., p. 8). But the Court should disregard this argument as contrary to the representation Mr. Webb made in his Complaint that he signed on February 16, 2018 – stating that he had received his RTS letter.

[2] The registered agent of Newk's Bakery, as found on the Mississippi Secretary of State's office, is Klara Smith, 2680 Crane Ridge, Jackson, MS 39216, which is also the listed principal office address for Newk's Bakery. However, the summons was issued and mailed to Newk's Bakery, 980 Hwy 6 West, Oxford, MS 38655, which does not comply with the requirements of Fed. R. Civ. P. 4(h)(1).

3

2010) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)); *see also Henderson v. Republic of Tex. Biker Rally, Inc.*, 2016 WL 7118518, at *1 (5th Cir. Dec. 6, 2016) (quoting *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Federal Rule of Civil Procedure 4(h)(1) provides Mr. Webb with two ways to serve Newk's Bakery: either (1) by following state law regarding service of individuals or (2) by delivering a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of Newk's Bakery. Fed. R. Civ. P. 4(h)(1). Mr. Webb failed to comply with either of these requirements.

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "District courts enjoy broad discretion in Rule 12(b)(4) and 12(b)(5) contexts, so our review is particularly deferential when a district court dismisses an action for ineffective service." *Henderson*, 2016 WL 7118518, at *1 (citing *George v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986)) (noting use of the abuse of discretion standard of review). Thus, if a plaintiff fails to properly serve the defendant with process, then the case should be dismissed under Fed. R. Civ. P. 12(b)(5). *See e.g., Flander v. Kforce, Inc.*, 526 F. App'x 364, 368 (5th Cir. 2013); Fed. R. Civ. P. 4(m).

Mr. Webb filed his Complaint on February 26, 2018. He had until May 17, 2018, to properly serve Newk's Bakery with process, but he failed to do so. Had Newk's Bakery known of Mr. Webb's lawsuit and his failure to perfect service, it would have filed this Motion no later

than June. Under those circumstances, Mr. Webb's time to re-file his lawsuit would have lapsed and he would have been time barred from re-filing. Prohibiting Newk's Bakery from asserting that same position now would cause the company undue prejudice and hardship. Accordingly, his lawsuit should be dismissed for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

## **CONCLUSION**

Mr. Webb failed to meet the 90-day timing requirement of Title VII and, therefore, this action is barred by the statute of limitations and must be dismissed under Fed. R. Civ. P. 12(b)(6). In the alternative, Mr. Webb's lawsuit should be dismissed under Fed. R. Civ. P. 12(b)(5) because he failed to serve Newk's Bakery with process within the time requirements of Fed. R. Civ. P. 4(m).

Respectfully submitted, on September 5, 2018.

NEWK'S BAKERY COMPANY, LLC, Defendant

BY: */s/ W. Mackin Johnson*
W. MACKIN JOHNSON (MS Bar # 104285)

*ITS ATTORNEY*

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Phone: (601) 985-4407
Fax: (601) 985-4500
E-mail: mackin.johnson@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, W. Mackin Johnson, attorney for Defendant, do hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court using the ECF system, and a true and correct copy was mailed to Plaintiff at the address below.

    Paul Webb
    2119 Deloris Drive
    Oxford, MS 38655

THIS, the 5th day of September, 2018.

                                          */s/ W. Mackin Johnson*
                                          W. MACKIN JOHNSON

43906688v1