UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PAUL JESSIE WEBB, JR.                                              PLAINTIFF

v.                                                Civil No. 3:18-cv-00155-GHD-JMV

NEWK'S BAKERY                                                      DEFENDANT

## MEMORANDUM OPINION

The Court currently has before it Defendant Newk's Bakery's motion to dismiss. Doc. 8. For the reasons set forth below, the Court finds the motion should be denied.

### Background

Plaintiff Paul Webb brings an employment discrimination claim under 42 U.S.C. § 2000e, *et seq*. On February 16, 2018, Webb mailed to the Clerk of the Court his complaint in this matter, Doc. 1, and a motion to proceed in forma pauperis, Doc 2. It is unclear whether this initial mailing contained an EEOC right to sue letter, although he did indicate in his complaint that he had received such a letter. *See* Compl., Doc 1. at 4. The Clerk of the Court did not docket Webb's complaint at that time.

On July 11, 2018, the Clerk of the Court received additional documents from Webb. These included a letter from the EEOC, dated July 3, 2018, indicating that the EEOC received notice that Webb did not receive his right to sue letter when it was initially issued on August 22, 2017. It was thus resending the notice to Webb.

On the day the Clerk received this letter, the Clerk docketed Webb's complaint, including the initial EEOC right to sue letter and the second July 3, 2018 letter. On July 19, 2018, Court approved Webb's in forma pauperis application. The Court issued a summons directing the United States Marshal Service to serve process on Newk's. The proof of service returned by the Marshal Service indicated that service by mail was

1

attempted unsuccessfully on September 5, 2018, and that personal service was made on September 12 on the manager of Newk's Oxford location. *See* Doc. 14.

On September 5, 2018, prior to being served, Newk's filed the now pending motion. In its motion, Newk's first seeks dismissal under 12(b)(6), arguing the complaint was untimely filed because it was filed more than 90 days after Webb received August 22, 2017 right to sue letter. Second, Newk's seeks dismissal under (12)(b)(5), arguing that service was not made in a timely manner, because Webb did not serve Newk's within 90 days of filing his lawsuit on February 16, 2018.

Webb has filed no response to Newk's motion, even though this Court *sua sponte* granted him an additional 20 days to do so. *See* Doc. 15.

**Analysis**

1. **12(b)(6) Motion to Dismiss**

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride*

*Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

A Title IVV plaintiff has 90 days from the date of receipt of a right to sue letter to file suit. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 266 (5th Cir. 2015) (citing 42 U.S.C. § 2000e-5(f)(1)). The failure to meet that 90-day deadline is an affirmative defense. *Aleman v. Texas*, 803 F. Supp. 10, 12 fn.1. A claim may be dismissed due to an affirmative defense under 12(b)(6) only "if [the] successful affirmative defense appears clearly on the face of the pleadings." *Myers v. Guardian Life Ins. Co. of Am.*, 5 F. Supp. 2d 423, 427 (N.D. Miss. 1998).

Newk's asserts that in Webb's complaint, which he initially signed on February 16, 2018, Webb checked a box admitting that he had previously received the right to sue letter dated August 22, 2017. Since February 16, 2018, is well over 90 days August 22, 2017, Newk's argues the complaint was clearly not timely filed.

Newk's, however, does little to address the July 3, 2018 EEOC letter, which indicated that Webb had not received his right to sue letter until July 2018. In a single footnote, Newk's argues that the Court should disregard the second letter because it contradicts the box Webb checked.

But this second letter calls into question the date that Webb first received his right to sue letter. Thus, the pleadings do not *clearly* establish that Webb received his right to sue

3

letter over 90 days before February 16, 2018.[1] In other words, the Court cannot say that there is no set of facts under which Webb could prove that he timely filed suit. Thus, his complaint cannot be dismissed on that basis.

## 2. 12(b)(5) Motion to Dismiss

A motion pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure challenges the mode of delivery or lack of delivery of the summons and complaint. A Rule 12(b)(5) motion "turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007). The party making the service has the burden of demonstrating the validity of service when an objection to that service is presented to the court. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Newk's argues that Webb did not make timely service because he did not serve Newk's within 90 days of filing his suit on February 16, 2018. In general, Rule 4(m) requires that service be made within 90 days of filing of the complaint. Fed. R. Civ. P. 4(m). However, plaintiffs who cannot afford to pay a filing fee may seek authorization to proceed in forma pauperis under 28 U.S.C. § 1915. The Rules provide that once a Court authorizes the plaintiff to proceed under this statute, the Court must order the United States Marshal Service to serve the complaint. Fed R. Civ. P. 4(c).

Courts have recognized that the delay between the actual filing of the complaint and the ruling of the in forma pauperis application eats into the time provided by the Rules to serve the defendant, because the complaint cannot be served without a summons, Fed. R. Civ.P. 3(c), and summons are not issued until the in forma pauperis application is disposed of. Thus, courts toll the time that an in forma pauperis motion is pending. *Williams–Guice v. Board of Educ. of the City of Chicago*, 45 F.3d 161, 162 (7th Cir. 1995); *Sidney v.*

---

[1] Webb also attached an envelope addressed to him from the EEOC postmarked November 15, 2017. This further calls into question whether Webb actually received his right to sue notice in August 2017.

*Wilson*, 228 F.R.D. 517, 523 (S.D.N.Y. 2005); *Matthews v. Marten Transp., Ltd.*, 354 F. Supp. 2d 899, 902 (W.D. Wis. 2005). Thus, the 90-day timeline for service did not begin until July 19, 2018. On September 12, 2018, within that 90-day timeline, a Newk's manager was served. Newk's does not challenge that the manager was unable to receive service on behalf of Newk's (and it could not have because it chose to file its motion to dismiss and answer before service was even made). The Court thus finds that service was properly made within the necessary deadline.

**Conclusion**

For these reasons, the Court finds that the pleadings do not affirmatively establish that Webb did not timely file suit. Further, the Court finds that Newk's was properly served in this matter. Accordingly, Newk's motion to dismiss is denied.

An order in accordance with this opinion shall issue.
This the 14th day of February, 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE